**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**June ROBINSON et al.,
Defendants–Appellants.**

**No. 80-5162.**

United States Court of Appeals,
Sixth Circuit.

Submitted July 14, 1980.

Decided Sept. 12, 1980.

Richard S. Sutton, Dayton, Ohio, for defendants–appellants.

James C. Cissell, U. S. Atty., Dayton, Ohio, for plaintiff–appellee.

Before EDWARDS, Chief Judge, CELEBREZZE, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Defendant Robinson in this case appeals from an order which denied his motion for

reconsideration of the reduction of pretrial bail. He had previously been arrested and indicted for possessing, with intent to distribute, one–fourth ounce of cocaine, in violation of 21 U.S.C. § 841(a)(1) (1976). His bond was set for $25,000.

The motion for reduction of bond was heard by the United States Magistrate and denied. The Magistrate found that Robinson had not adequately shown full–time employment or that if released, he might not engage in criminal activity. Robinson had presented evidence that he was engaged to be married, had resided in the Dayton, Ohio, area for seven or eight years and owned a home there, that he had no prior criminal record, and that he was employed to do construction and remodeling.

The United States presented by the assertion of a United States Attorney that Robinson had in the presence of an FBI Agent threatened to "take care" of the witness who had been present at the cocaine distribution incident. On the District Judge's adoption of the Magistrate's report, Robinson filed a motion for reconsideration, which was denied by the District Judge, whereupon he filed this appeal.

On the first hearing of this matter, this court remanded the case for a statement of reasons as to why the bail reduction was denied. These reasons having been furnished by the District Judge, the current appeal was submitted on briefs.

On the record as it stands before us, we believe there is need for a further remand to the District Court to hold an evidentiary hearing and determine from evidence presented there whether or not appellant made a threat to commit an assault upon a government witness. Since Robinson contends that he made no such threat, this determination should be made upon the basis of sworn testimony. In the event the physical threat is substantiated, the denial of reduction of bond is affirmed. In the event it is not substantiated, the bond will be reduced to $3,000 cash or security.